# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| PEGGY WHITE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:23-cv-02178 |
| CREDENCE RESOURCE MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes PEGGY WHITE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Texas.

### PARTIES

1

4.  Plaintiff is a consumer over 18 years of age.

5.  Defendant is a third-party debt collector collecting debts from consumers across the country. Defendant is a limited liability company organized and existing under the laws of the state of Nevada with its principal place of business located at 4222 Trinity Mills, Suite 260, Dallas, Texas 75287.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

7.  The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") that Plaintiff allegedly owes.

### FACTS SUPPORTING CAUSES OF ACTION

8.  Beginning in January of 2023, Defendant began placing collection phone calls to Plaintiff's cellular phone, (901) XXX-4834, seeking collection of an alleged consumer debt ("subject debt").

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular number ending in -4834. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has primarily used the phone numbers (931) 342-9291, and (931) 208-8745, when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

11. Upon speaking with Defendant, Plaintiff was informed that it was calling attempting to collect upon a purported debt owed by an individual who is not Plaintiff and with whom Plaintiff is unfamiliar.

12. Plaintiff informed Defendant that the debt it was attempting to collect was not her debt nor does she recognize the debt or the individual Defendant was seeking.

13. Upon information and belief, the subject debt was incurred by any actual debtor for their personal purposes.

14. Plaintiff further demanded that Defendant cease placing phone calls to her cellular phone.

15. Defendant ignored Plaintiff's demands and continued calling Plaintiff seeking collection of debt(s) purported owed by individuals who were not Plaintiff.

16. Defendant subsequently changed its story, and began attempting to collect upon debts purportedly owed by Plaintiff and her husband.

17. Plaintiff again demanded that Defendant's phone calls stop as her husband is going through a terminal illness and the harassment caused by Defendant has made the situation and Plaintiff's husband condition substantially worse.

18. Frustrated over Defendant's conduct, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, emotional distress with physical manifestations thereof, as well as numerous violations of her federally protected interests to be free from harassing and abusive conduct on the part of debt collectors.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others. Defendant is similarly a business whose principal purpose is the collection of debts.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of FDCPA § 1692d *et seq.,* and 12 C.F.R. § 1006.14 *et seq.***

25. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication that a debt is not owed, that a debt is disputed, or t that the person did not wish to be contacted again about the particular debt.

27. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

28. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following her cease and desist requests. Plaintiff plainly demanded that Defendant cease calling her cellular phone regarding the subject consumer debt. Despite the nature of these prior communications, Defendant nevertheless continued placing phone calls seeking collection of the subject consumer debt. Regulation F blatantly prohibits such conduct, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in and of itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

29. Defendant further violated § 1692d when it attempted to extract payment from Plaintiff on a debt she did not owe. Attempting to collect on a debt when Plaintiff has no underlying obligation is conduct, which has the natural consequence of harassing, oppressing, and abusing Plaintiff.

**b. Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated § 1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. Defendant attempted to collect upon a debt from an individual who was not Plaintiff when placing calls to Plaintiff, and continued doing so in spite of the fact that Plaintiff demanded that it stop contacting her. Instead of putting an end to this harassing behavior or otherwise reassessing its collection efforts, Defendant systematically placed calls to Plaintiff's cellular phone to force her to ultimately make a payment. Furthermore, Defendant's deceptive attempt to collect upon a debt for which Plaintiff had no underlying obligation, illustrates Defendant's violation of § 1692e, e(2) and e(10).

33. Defendant further violated § 1692e and e(10) through its deceptive conduct in seeking multiple different individuals through the phone calls with Plaintiff. Defendant was first calling attempting to collect upon debts owed by unknown third parties, and later advised it was attempting to collect upon debt(s) purportedly owed by Plaintiff and her dying husband. Defendant's contradictory and deceptive conduct deprived Plaintiff of the ability to chart any sort of intelligent course of conduct in response to Defendant's collection efforts.

**c.  Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f(1) further prohibits the collection of "any amount not authorized by the agreement creating the debt or permitted by law."

35. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. It is undoubtedly unfair and unconscionable for a debt collector like Defendant to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which Defendant sought collection.

36. Defendant further violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite her requests that such calls cease.

WHEREFORE, Plaintiff, PEGGY WHITE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.


Dated:  September 29, 2023                    Respectfully submitted,

                                             s/ Nathan C. Volheim

7

Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com